IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                          CRIMINAL NO. 02-50071

MARKICE L. RAMAGE                                           DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is the Defendant's pro se **"Motion Pursuant to 18 U.S.C. § 3582(c)(2)" (Doc. 51)** and the Government's Response (Doc. 53) thereto. The undersigned, being well and sufficiently advised, finds and recommends as follows:

1.  On July 1, 2003, the Court entered a judgment sentencing the Defendant to 120 months imprisonment. The presentence investigation report adopted by the Court added two-points to the Defendant's criminal history category pursuant to Section 4A1.1(d) of the United States Sentencing Guidelines in effect at the time, based upon the fact that the Defendant committed the offense while on parole for another offense. (PSR ¶ 41.)

2.  In the Motion now before the undersigned, the Defendant appears to argue that he is entitled to a reduction in his sentence based upon a 2010 Amendment to Section 4A1.1(e) of the United States Sentencing Guidelines. Subsection (e) of Section 4A1.1 added points to a defendant's criminal history score if the Defendant committed the offense at issue less than two years after release from imprisonment on a prior sentence of imprisonment exceeding 60 days. This subsection was eliminated effective November 1, 2010.

AO72A
(Rev. 8/82)

3.  The undersigned would first point out that the Defendant was found to be a career offender, which automatically placed him in a criminal history category of VI pursuant to Section 4B1.1. (PSR ¶ 42.) Thus, the addition of the two criminal history points at issue in the Defendant's motion actually had no effect on his criminal history category calculation. Further, even if the two criminal history points had effected the Defendant's criminal history category, as the points were based upon subsection (d) of Section 4A1.1 and not Subsection (e), the 2010 Amendment would not benefit the Defendant. In fact, the 2010 Amendment does not even benefit defendants whose sentences were increased pursuant to the former version of Subsection (e), as the Amendment is not retroactive. See United States v. Gonzalez-Molina, 2011 WL 280842, * 1 (5th Cir. Jan. 28, 2011); United States v. Gadsden, 2011 WL 179621, *2 (3rd Cir. Jan. 20, 2011).

4.  Based upon the foregoing, the undersigned finds that the Defendant's **Motion (Doc. 51)** is without merit and recommends that it be **DENIED**.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Entered this 9th day of March 2011.

/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)